*BRANDT & AL. SYNDICS*, vs. *SHAMBURGH*.

APPEAL from the court of the first district.

East'n District.
*April*, 1824.

BRANDT & AL.
SYNDICS,
*vs.*
SHAMBURGH.

PORTER, J. delivered the opinion of the court. The question to be decided in this case arises out of an act of mortgage executed by Brandt & Foster subsequent to the respite accorded by their creditors, but previous to the institution of the suit commenced against them to compel a forced surrender of their property.

*After a respite is granted, the debtor cannot legally give a preference to a creditor over the rest.*

*Fraud is presumed in a bankrupt.*

The mortgagee it appears, was one of the original creditors, and it is contended by the plaintiffs, that the lien conferred on him by hypothecation, was for the old debt; that the proof of this fact results from the presumption which the law attaches to all acts of persons in failing circumstances, and that the presumption is greatly strengthened in the present case, from the defendant not having offered any proof of the consideration that passed between him and the mortgagors, at the time of executing the mortgage; although by the pleadings he was expressly put on the proof of that fact.

On the other side it is urged, that the granting of the respite by the creditors, made Brandt & Foster solvent—that it did away

VOL. II. (N. S.)    42

East'n District.
*April*, 1824.

BRANDT & AL.
SYNDICS,
*vs.*
SHAMBURGH.

the presumption of fraud, if any such attaches —that being left in the management of their affairs, every person had a right to contract with them; and in the exercise of that right must consequently be presumed to have acted honestly, until the contrary is shewn.

It is the opinion of this court, that after a respite is accorded to a debtor, he cannot legally make any change in the condition of those to whom he stands indebted, by conferring on them privileges which, in case there is not sufficient property to pay all, will entitle them to a preference over creditors who at the time of according the respite, were of equal dignity. Because it is contrary to the very condition on which that favour was accorded ; namely, that all will wait for the payment of their debts, *such as they exist at the time the delay is granted*, until a certain period is elapsed. To permit one of the creditors, and the debtors, to change the nature of any one of these debts without the consent of the others, would be a violation of this pact ; and authorising that, the non-existence of which in the first instance, was perhaps the very reason why a delay was acceded to.

But the difficulty in this case is the applica-

East'n District.
*April*, 1824.

BRANDT & AL
SYNDICS,
*vs.*
SHAMBURGH.

tion of this principle. There is nothing proved on either side as to the consideration which moved from the mortgagor to the mortgagee, at the time the hypothecation was granted; and the question is, whether in the absence of proof, we are permitted to act on the presumption of fraud. The general rule is that it is never presumed, and in ordinary cases, the party attacking the act must prove fraud in both parties to the instrument, and an injury in him who seeks to avoid it. *Curia Phillip. lib. 2. cap. 13, Revosotaria, no. 10. Ramsay* vs. *Dow. 10 Martin,* 577.

To the general principle, the law has however established an exception, that whenever the party making the conveyance, or granting the lien, is in a state of insolvency, fraud is to be presumed; and that in such cases no other evidence is necessary but what results from the presumption which the law establishes. We have then to enquire whether the fact of the mortgagors having obtained a respite, placed them in such a condition as casts a suspicion of fraud over all their acts that are attacked by their creditors, and throws the burthen of proof on those who claim the benefit of them. *Curia Phillip. Loco citato.*

East'n District.
April, 1824.

BRANDT & AL.
SYNDICS,
vs.
SHAMRURGH.

The answer to that argument is easily furnished, for without recurring to any general reasoning to shew the propriety and correctness of considering persons in the situation of Brandt & Foster as insolvent, and coming within the exception to the rule we have just mentioned we find it expressly stated that the law considers as bankrupts, those who have obtained a respite.

"*Assimismo de lo dicho se sigue ser fallidos los que no pueden enterament pagar todos sus deudas y los que intentan, o piden, o quieeren seguir el remedio forzoze, y pleytos de las esperas y quitos.*"    Curia Phillip. lib 2, cap. 11. Fallidos no. 3.    Recop. lib. 5. tit. 19, law 5.

We are bound therefore to presume this act fraudulent, as the contrary is not shewn ; and whatever may have been the real nature of the transaction, the law which governs such, must be applied to it ; we do so with less reluctance in the instance before us, for the mortgagee was warned by the pleadings, that proof of the consideration was required of him, and he failed to furnish it.    See the case of *Misotiere's syndics* vs. *Coignard,* 3 *Martin,* 561.    *Curia Phillipica, lib.* 2, *cap.* 11.    *Fallidos, no* 16.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, and it is further ordered, adjudged and decreed, that the plaintiffs do recover of the defendant the sum of nineteen hundred and twenty dollars and fifty cents, with interest on said sum at five per cent from the 7th November 1821, until paid, and costs in both courts.

East'n District.
*April*, 1824.

BRANDT & AL.
SYNDICS,
*vs.*
SHAMBURGH.

*Livermore* for the plainffs, *Hoffman* for the defendant.